# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

| ANTONE LAMANDINGO KNOX, | ) |
|---|---|
| Petitioner, | ) |
| v. | ) No. CIV 17-004-RAW-KEW |
| TERRY ROYAL, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

This matter is before the Court on Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Dkt. 1). Petitioner, a pro se prisoner currently incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, alleges that in 2014, 2015, and 2016, he was wrongfully denied parole from his sentence in Oklahoma County District Court Case No. CRF-95-1195. He claims the parole denials resulted from retaliation for challenges to his criminal cases and for his civil lawsuits, as well as discrimination and denial of equal protection. Plaintiff also asserts he is subject to policies and procedures that were not in place when he committed his crimes.

Respondent has filed an answer to the petition, alleging Petitioner has served previous sentences, and on December 3, 2008, he re-billed to serve his current 20-year sentence in Case No. CRF-95-1195 (Dkt. 13-1 at 3). As of March 31, 2017, he had 2,125 days to serve on his current sentence. *Id*. at 5. He also has additional consecutive sentences to serve. *Id.* at 1.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Furthermore, both the Tenth Circuit Court of Appeals and the Oklahoma Supreme Court have held that the Oklahoma parole statutes do not create

a liberty interest in early release. *Shirley v. Chestnut*, 603 F.2d 805, 807 (10th Cir. 1979); *Shabazz v. Keating*, 977 P.2d 1089, 1093 (Okla. 1999).

As for Petitioner's equal protection claim, the Court finds Petitioner has provided no factual support for the legal basis of this claim. He has not identified any similarly-situated individual who has received different or more beneficial treatment. Petitioner also has failed to show that any difference in treatment was not related to a legitimate penological purpose but was, instead, the result of unlawful discrimination. "[B]are equal protection claims are simply too conclusory to permit a proper legal analysis." *Straley v. Utah Bd. of Pardons*, 582 F.3d 1208, 1215 (10th Cir. 2009) (citation omitted), *cert. denied*, 559 U.S. 991 (2010). The Court, therefore, finds Petitioner's equal protection claim must fail. The Court further finds that Petitioner's conclusory and unsupported discrimination claim is meritless.

Respondent alleges Petitioner has failed to exhaust the state judicial remedies for his claims. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The Court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). In federal habeas corpus actions, the petitioner bears the burden of showing he has exhausted his state court remedies as required by 28 U.S.C. § 2254(b). *See Clonce v. Presley*, 640 F.2d 271, 273 (10th Cir. 1981); *Bond v. Oklahoma*, 546 F.2d 1369, 1377 (10th Cir. 1976). To satisfy the exhaustion requirement, a claim must be presented to the State's highest court through a direct appeal or a post-conviction proceeding. *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). Under the doctrine of comity, a federal court should defer action on claims properly within its jurisdiction until a state court with concurrent power has had an opportunity to consider the matter. *Rose v. Lundy*, 455 U.S. 509, 518-19

(1982). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman v. Thompson*, 501 U.S. 722, 731)).

Here, the Court finds Petitioner has failed to show he has made any attempt to adjudicate his claim in the state courts. Respondent avers he has searched the state court records and has found no evidence of litigation regarding Petitioner's issues in this action (Dkt. 13-2). Therefore, the Court finds Petitioner has failed to exhaust the state court remedies for his habeas claims.

The Court further concludes Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability.

**ACCORDINGLY,** Petitioner's petition for a writ of habeas corpus (Dkt. 1) is DENIED, and this action is, in all respects DISMISSED WITHOUT PREJUDICE. Furthermore, Petitioner is denied a certificate of appealability.

**IT IS SO ORDERED** this 3rd day of August 2017.

                                              **RONALD A. WHITE**
                                              **UNITED STATES DISTRICT JUDGE**